UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN MAXON,

    Plaintiff,

v.                                                          Case No: 8:22-cv-2650-CEH-AEP

HOME DEPOT USA, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff's Motion to Remand (Doc. 12), filed on December 16, 2022. In the motion, Plaintiff requests the Court remand this action to the Thirteenth Judicial Circuit in and for Hillsborough County for lack of subject-matter jurisdiction. Defendant Home Depot USA, Inc. responded in opposition, arguing that the Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. 13. The Court, having considered the motion and being fully advised in the premises, will deny Plaintiff's Motion to Remand.

## LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *Univ. of S. Ala. V. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999). And "once a

federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). For diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction ...." "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)).

"The sufficiency of the amount in controversy is determined at the time of removal." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Where . . . the plaintiff has not pled a

specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Id.* Lack of subject matter jurisdiction requires remand to the state court under 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12 (h)(3). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala.*, 168 F.3d at 411.

## DISCUSSION

On October 10, 2022, Plaintiff, Shawn P. Maxon, initiated this personal injury action against Defendant, Home Depot USA, Inc., in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. Doc. 1-4. The case arises out of Plaintiff's use of a telescopic ladder that had been purchased from Defendant by Plaintiff's employer, Carbon Enterprises, Inc. d/b/a Tampa Honest Abe Roofing. *Id.* ¶ 6. Plaintiff alleges that while working for the roof sales company on October 13, 2021, he was ascending the Home Depot ladder when the ladder's extended components suddenly and unexpectedly failed causing Plaintiff to fall to the ground. *Id.* ¶ 7. Plaintiff sustained severe injuries as a result of the fall. *Id.* ¶ 9. Plaintiff sues Defendant for state law claims of negligence and strict liability. Doc. 1-4. The Complaint does not allege a specific amount of damages but rather states the damages exceed 30,000.00. *Id.* ¶ 1.

On November 17, 2022, Defendant filed a Notice of Removal. Doc. 1. The Notice alleges that federal court jurisdiction is invoked based on diversity of citizenship

under 28 U.S.C. § 1332. *Id.* ¶ 1. Home Depot is a citizen of Delaware and Georgia. *Id.* ¶¶ 6–8. Plaintiff is a citizen of Pinellas County, Florida. Doc. 1-4, ¶ 2. As to the amount in controversy, Defendant submits the jurisdictional threshold of $75,000 is satisfied based on the allegations of the Complaint and the information and medical bills detailed in the Plaintiff's pre-suit demand letter. Doc. 1 at 3–5.

In the motion, Plaintiff does not contest that the parties are diverse. *Id.* at 2. However, Plaintiff submits that the removing Defendant has failed to carry its burden of establishing the amount in controversy exceeds $75,000 in order to invoke the Court's jurisdiction. Specifically, Plaintiff argues that remand is warranted because the Complaint alleges that damages exceed $30,000, but otherwise does not specify an amount. Further, Plaintiff submits the Notice of Removal asks the Court to speculate as to the amount in controversy based upon a pre-suit demand letter, which is a confidential settlement negotiation and is not the type of evidence courts may rely upon to determine whether a defendant has carried its burden as to the amount of controversy exceeding the jurisdictional limit.

Plaintiff is correct that the Court may not speculate as to the amount in controversy. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754-55 (11th Cir. 2010). When considering the amount in controversy, district courts may "make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations,'" but are not required to "suspend reality or shelve common sense in determining whether" the papers establish the jurisdictional amount. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

4

While courts have viewed settlement demand letters with skepticism because many contain "mere puffery or a negotiation tactic, rather than a true approximation of damages," *Bien-Amie v. Brookdale Senior Living Inc.*, 8:21-cv-2446-VMC-AEP, 2021 WL 5028238, *2 (M.D. Fla. Oct. 29, 2021), demand letters that provide specific details to support the demanded amount are much more likely to satisfy a defendant's burden. *See Lamb v. State Farm Fire Mut. Auto. Ins. Co.*, 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"; rather, courts evaluate whether they "reflect puffing and posturing" or whether they provide "specific information to support the plaintiff's claim for damages") (citations omitted).

Here, the settlement demand letter relied on by Defendant for removal provided specific details of Plaintiff's medical treatment, including surgery, and actual medical expenses incurred in excess of $168,000. Doc. 1 at 5. Plaintiff's hospital bill alone was $159,680.94. *Id.* Defendant has carried its burden of establishing that the jurisdictional amount in controversy of $75,000 has been exceeded. In his motion, Plaintiff does not contradict this evidence, but instead merely argues that Defendant fails to carry its burden. The Court disagrees. Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion to Remand (Doc. 12) is **DENIED**.

5

**DONE AND ORDERED** in Tampa, Florida on February 1, 2023.

_Charlene Edwards Honeywell_
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any