UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHAWN MAXON,

    Plaintiff,

v.                                                  Case No: 8:22-cv-2650-CEH-AEP

HOME DEPOT USA, INC.,

    Defendant.
_____/

## ORDER

This matter comes before the Court on the Plaintiff's Motion for Voluntary Dismissal (Doc. 37). In the motion, Plaintiff Shawn Maxon requests dismissal of this action with prejudice pursuant to Fed. R. Civ. P. 41(a)(2). Defendant Home Depot USA, Inc. opposes the motion (Doc. 38), in part. It requests that fees and costs be assessed against Plaintiff's counsel before the action is dismissed as more fully discussed in its motion for sanctions (Doc. 39). Plaintiff opposes the motion for sanctions (Doc. 40). The Court, having considered the motions and being fully advised in the premises, will grant Plaintiff's Motion for Voluntary Dismissal and deny Home Depot's motion for sanctions.

## BACKGROUND

This action arises out of a claim for personal injuries. In his Complaint filed in state court on October 10, 2022, Maxon alleges he was injured while on a roofing sales call for his employer, Honest Abe Roofing, when a telescopic ladder he attempted to

climb failed, causing Maxon to fall to the ground. Maxon sued Home Depot based on his belief that Home Depot was the retailer/distributor of the ladder. His belief was based on a Home Depot invoice provided to him by his employer, which was represented to be the receipt for the ladder involved in Maxon's fall. A representative of Honest Abe also told Plaintiff's counsel that the only ladders purchased in the past year were from Home Depot. Armed with this information, Maxon sued Home Depot in a two-count complaint for strict liability and negligence. Doc. 1-4.

On November 17, 2022, Home Depot removed the action to this Court invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332. Doc. 1. On December 7, 2022, Home Depot filed its answer and defenses to Plaintiff's Complaint. Doc. 10. In its Answer, Home Depot indicates that it lacks sufficient information to admit or deny whether it placed the subject ladder into the stream of commerce. *See id.* at 4, 6. In response to Plaintiff's allegation that Honest Abe purchased the subject ladder from Home Depot, it lacked sufficient information to admit or deny. *Id.* at 3. Similarly, Home Depot lacked sufficient information to admit or deny whether it was a distributor of the subject ladder. *Id.*

The parties completed a Case Management Report (Doc. 11), and the Court entered a Scheduling Order on January 5, 2023, outlining the pretrial and trial deadlines. Doc. 14. Plaintiff sought remand to state court, which Home Depot opposed. Docs. 12, 13. On February 1, 2023, the Court denied remand. Doc. 16. On March 31, 2023, Home Depot moved to extend the deadlines for amending pleadings. In support of its request to extend this deadline, Home Depot represents it was

attempting to identify the manufacturer of the ladder in order to name that entity as an at-fault non-party. Doc. 18. On April 18, 2023, The Court granted Home Depot's motion and extended the deadline for amending pleadings to June 2, 2023. Doc. 19. On May 31, 2023, the parties filed a joint motion to extend pretrial deadlines, including the deadline to amend pleadings to July 14, 2023, and the deadline for discovery to September 29, 2023. Doc. 23. The Court granted the motion and extended the deadlines sought in the motion. Doc. 24.

On July 14, 2023, Home Depot moved to amend its answer to specifically allege it did not sell or distribute the subject ladder. Doc. 25. Considering this requested amendment, Maxon sought another extension of the discovery and expert deadlines. Doc. 26. In support, Maxon states that Defendant's expert's inspection of the ladder just occurred July 5, 2023, and Maxon is still waiting on responses from Defendant to sworn interrogatories evidencing Home Depot did not sell or distribute the ladder. In opposing Maxon's motion to extend deadlines, Home Depot indicates that its expert's inspection just occurred because Plaintiff's counsel canceled it previously right before it was scheduled to occur. Additionally, Plaintiff canceled Home Depot's corporate representative's deposition and failed to subpoena records from his employer related to the subject ladder. Home Depot argued Maxon fails to show good cause to continue the deadlines. Doc. 27.

The Court granted Home Depot's motion for leave to amend its answer and granted Plaintiff's request for an extension of the pretrial deadlines. Doc. 28. On August 30, 2023, Maxon again requested another extension of time for discovery

3

because he needed to depose Home Depot's corporate representative and receive amended sworn discovery responses from Home Depot, which he had yet to receive, on the issue of whether Home Depot sold the subject ladder. Doc. 33. On September 14, 2023, the Court granted Plaintiff's motion and issued a Second Amended Scheduling Order. Doc. 35. On October 9, 2023, Maxon filed the instant motion to dismiss under Rule 41(a)(2). Doc. 37. Thereafter, Home Depot filed its motion for sanctions. Doc. 39.

## DISCUSSION

### A. Dismissal

District courts enjoy broad discretion in determining whether to allow a voluntary dismissal under Rule 41(a)(2). *Pontenberg v. Bos. Sci. Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001) (citing *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)). The Eleventh Circuit has held that the "crucial question" to be determined is whether the defendant would "lose any substantial right by the dismissal." *Pontenberg*, 252 F.3d at 1255–56 (citation omitted). In exercising its discretion under Rule 41(a)(2), the court must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Id.* at 1256 (quoting *McCants*, 781 F.2d at 857).

In his motion for voluntary dismissal, Maxon indicates that he finally received sworn written confirmation from Home Depot on September 26, 2023, that it did not sell the subject ladder. Doc. 37 at 4. He moved for voluntary dismissal shortly thereafter.

4

In response, Home Depot submits that Maxon and his counsel should have known from the outset that Home Depot did not sell the subject ladder. Doc. 38. According to Home Depot, it provided Maxon and his counsel with information repeatedly in the spring and summer of 2023 evidencing that Home Depot did not sell the ladder, and it warned Maxon of its intention to file a motion for sanctions.

Upon consideration of Plaintiff's motion, the Court finds that Defendant would not lose any substantial right by dismissal of Plaintiff's claims. In fact, dismissal is what Defendant is seeking and Plaintiff is requesting to do so with prejudice. Thus, Home Depot will not be faced with any potential future litigation arising out of this incident. As for Defendant's request for fees and costs, a dismissal will not necessarily preclude Defendant's claim to sanctions. *See Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) ("Rule 11 motions are collateral to an action and are not barred if filed after a dismissal order, or after entry of judgment."). And Defendant has already filed a separate motion seeking its fees and costs. Thus, Home Depot cannot demonstrate that it would be prejudiced by dismissal and the Court finds none. Plaintiff's motion will be granted, and this action dismissed with prejudice.

**B.     Sanctions**

Home Depot moves for sanctions against Plaintiff's counsel under Federal Rules of Civil Procedure 11 and 26. Doc. 39. In support, Home Depot argues that a simple comparison of the subject ladder with photographs of the ladders associated with the invoice or those on Home Depot's website would have revealed that the subject ladder was not a Home Depot ladder. Home Depot contends Plaintiff's

5

counsel's conduct in discovery was unreasonable and caused unnecessary delay and litigation expenses.

> A court may properly assess sanctions under Rule 11:
>
> > (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose.

*Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001) (quoting *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir.1996)). The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." *Id.* at 1302. The standard for assessing conduct under Rule 11 is "reasonableness under the circumstances," *Anderson v. Smithfield Foods, Inc.*, 353 F.3d 912, 915 (11th Cir. 2003), which requires courts to "determine whether a reasonable attorney in like circumstances could believe his actions were factually and legally justified," *Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003). In doing so, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." Fed. R. Civ. P. 11, Advisory Comm. Notes, 1983 Amend. Determinations as to whether Rule 11 has been violated are committed to the discretion of the trial court. *Anderson*, 353 F.3d at 915.

As a preliminary matter, Defendant's motion for Rule 11 sanctions is due to be denied as it is procedurally defective. Pursuant to Rule 11(c)(2), a motion for sanctions

"must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Fed. R. Civ. P. 11(c)(2). "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010). Courts frequently deny requests for sanctions when a party does not comply with this provision. *Espanol v. Avis Budget Car Rental*, LLC, No. 8:10-cv-944-MSS-AEP, 2012 WL 12904800, at *1 (M.D. Fla. Nov. 9, 2012) (Scriven, J.) (collecting cases). Indeed, a movant's failure to satisfy this twenty-one-day safe harbor provision "forecloses" sanctions under Rule 11. *Macort v. Prem, Inc.*, 208 F. App'x 781, 786 (11th Cir. 2006) (per curiam). Defendant did not send its motion to Plaintiff and allow for the 21-day cure period before filing its motion. Because Defendant fails to comply with this provision, its motion based upon a Rule 11 violation is due to be denied. As Plaintiff points out, the result Defendant seeks, which is the purpose of the cure period, has been achieved as Plaintiff filed a motion for dismissal with prejudice.

Defendant alternatively seeks an order of sanctions under Fed. R. Civ. P. 26. In pertinent part, Rule 26(g) requires that discovery-related filings bear the signature of an attorney of record certifying that the filing "conforms to the discovery rules, is made for a proper purpose, and does not impose undue burdens on the opposing party in light of the circumstances of the case." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1372 (11th Cir. 1997) (citing Fed. R. Civ. P. 26(g)(2)). If the court finds that

"without substantial justification a certification is made in violation of the rule," then it must impose on the offending party "an appropriate sanction, which may include an order to pay" the other party's expenses including attorneys' fees. *Id.*; *see* Fed. R. Civ. P. 26(g)(3).

Defendant argues that Plaintiff's counsel violated Rule 26 in producing the Home Depot invoice in discovery and representing that the ladder involved in Plaintiff's fall was the same as the ladder referenced in the invoice. Additionally, Plaintiff identified in interrogatories Cortni Lewis (Honest Abe owner and CEO) as a witness who would support his claims, but Lewis provided an affidavit on July 25, 2023, stating the ladder was not purchased from Home Depot. Doc. 39-8 at 1. Defendant attaches the Lewis affidavit to its motion for sanctions.

In his response to Home Depot's motion, Plaintiff contends that he repeatedly requested sworn testimony from Home Depot that it did not sell the subject ladder, but that it did not provide him with an affidavit until September 26, 2023. Doc. 40 at 4. He filed his motion to dismiss shortly thereafter. Plaintiff relied on the mistaken representations of his employer that the subject ladder was a Home Depot ladder. Thus, the discovery responses were based on the information that Plaintiff had at the time. As for identifying Lewis in his interrogatory responses, Plaintiff states that the question asked was who had information concerning the issues in the case, not who would support Plaintiff's claims. On these facts, the Court finds no discovery violation occurred. Based on the information received from Honest Abe, Plaintiff was justified in producing the Home Depot invoice in discovery. Similarly, counsel's disclosure of

8

Lewis as someone with knowledge does not constitute a violation of Rule 26(g)(3), Fed. R. Civ. P. The motion for sanctions is due to be denied under Rule 26.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion for Voluntary Dismissal (Doc. 37) is **GRANTED**.

2. This action is **DISMISSED with prejudice**.

3. Defendant's Motion for Sanctions (Doc. 39) is **DENIED**.

4. The Clerk is directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE AND ORDERED** in Tampa, Florida on April 26, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any

9